## Celia McDonnell, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 16,120.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

2. INSTRUCTIONS—*when refusal of correct will not reverse.* Refusal of a correct instruction will not reverse if its contents are substantially contained in another instruction given.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the HON. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed April 1, 1912.

EDWARD C. HIGGINS and FERDINAND GOSS, for appellant.

BENJAMIN F. J. O'DELL and MORSE IVES, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

On Sunday evening, January 12, 1908, at about six o'clock the plaintiff, Celia McDonnell, then fifteen years old, was struck by a car of the defendant Company, the Chicago City Railway Company, on State street in Chicago at its point of junction with Forty-first street. She received a wound in her forehead, which had to be sewed up, was confined to her bed for two weeks, and for several weeks thereafter was unable to go to school. Whether her injuries were the cause of headaches, fainting and dizzy spells occurring afterward at intervals up to the time of the trial is a matter in dispute.

She sued the Railway Company and secured on the verdict of a jury a judgment in the Circuit Court for $1000, and the Company has appealed to this Court, contending that the judgment is unwarranted by the evidence, that the Court erred in giving certain instructions and in refusing others tendered, and that the verdict was excessive.

In view of the undisputed facts and the variant if not conflicting expert testimony as to the probability that the later ailments of the plaintiff were the result of the accident, we do not think the jury exceeded their proper discretion in the assessment of damages, if the liability existed. We shall therefore dismiss the last of the appellant's contentions from consideration.

The plaintiff's declaration, when the case went to the jury, consisted of four counts. In the first the allegation of negligence was general,—"that the defendant negligently ran said car with great force and violence to and upon the plaintiff while she was using reasonable care for her own safety." In the second count the gist of the allegation of negligence was that the defendant "drove and managed said car without ringing any bell, sounding any gong, or giving any other signal or warning in time to warn the plaintiff of the approach and close proximity of said car." In the third count it was that the defendant "drove, operated and propelled said car at a dangerous, undue and excessive rate of speed;" and in the fifth (the fourth having been withdrawn) that it "drove, operated and propelled said car against the plaintiff rightly crossing the highway without exercising reasonable care to give reasonable and timely signal or warning of the approach of said car to the plaintiff."

The defendant insists, on the one hand, that there was no evidence sufficient to go to the jury tending to show the negligence specified in the declaration or, indeed, any negligence on the part of the defendant or its servants, and on the other, that there was such evidence showing negligence on the part of the plaintiff wholly causing or materially and proximately contributing to the accident as precluded differing opinions by reasonable men on the subject, and made it the duty of the Court to hold as a matter of law that the plaintiff was guilty of contributory negligence.

Both, therefore, on the ground that there was an entire lack of evidence to show negligence on the part of the defendant, and that there was conclusive evidence to show contributory negligence on the part of the plaintiff, counsel contend that the trial Judge should have taken the cause from the jury by a peremptory instruction to find for the defendant, or, fail-

ing in this, should have set aside the verdict and granted a new trial.

We think, however, that under the evidence both the question of the defendant's negligence and that of the plaintiff's were properly left to the jury, and that there is not such a manifest preponderance against the conclusion to which the jury came as warranted the court below, or would warrant us, in setting it aside.

The circumstances attending the accident, which are undisputed, are these:

On the evening in question, the weather being snowy or sleety and the night dark, the plaintiff with her two brothers, eleven and twelve years old respectively, left their home on Wabash avenue near 41st street to accompany a visitor of about the same age as the plaintiff to a street car running south on State street, one block east. This car the visitor wished to take to carry her home. The four children walked west on the south side of 41st street to State street, crossed over to the west side of State street, remained standing there a few minutes, until one of the south-bound cars (which run on the western track) came to 41st street and stopped near the cross-walk running from the south side of 41st street to the west side of State street (41st street not being cut through west of State street). They then took leave of their visitor, who boarded the south-bound car, which went on. The three children then started behind the departing car to cross State street again in order to go east to Wabash avenue on 41st street. The younger boy, Owen McDonnell, went first and crossed the eastern—the north-bound —tracks in safety; Celia, the plaintiff, followed close behind, but was struck by a north-bound car, knocked over, and rolled along by the fender until the car was stopped and she was picked up by the motorman and a passenger and carried to the curb.

The matters in regard to which there was contradiction or variation in the testimony were the speed at

which the car was running, the ringing of the bell on it and the point, with reference to the north and south lines of 41st street, at which the plaintiff started to cross State street and the point at which she was struck by the car.

Perhaps in forming their opinion on the whole case, the last named matters were considered by the jury as important as any. There were three witnesses as to the accident for the plaintiff and four for the defendant. The three witnesses for the plaintiff were herself and her two brothers. Owen McDonnell was somewhat contradictory in his statements, his answers showing some confusion in his recollection or in his expression of it. He said quite definitely at first that when he first saw the car he was about half way between the lines of 41st street, but he later testified that when he started to go across the street he started from two or three feet north of the south line of 41st street and in going to the opposite side went a little diagonally to the south, which is manifestly inconsistent with his first statement. Celia, the plaintiff, and Amos, her brother, were both positive that the accident occurred opposite the south line of 41st street, on which line they were crossing the street.

Of the four eye witnesses of the accident who testified for the defendant, the motorman and three passengers, one does not pretend to know the spot at which it occurred, one places it a little north of the center of 41st street and the others at the center.

Despite this variation and conflict we think the jury had a reasonable right to an opinion that the children started to cross and continued practically to cross on the south line of 41st street. It was evident that it was there they had been standing awaiting the southbound car; the south sidewalk of 41st street was nearer 4131 (not 3141 as the abstract has it) Wabash avenue, where they lived, than the north side of the street, and they would naturally make for it in crossing State

McDonnell v. Chicago City R'y Co., 169 Ill. App. 418.

street.  Of course it is possible that they ran or walked
diagonally north to get over ahead of the approaching
car; but in the face of their assertions to the contrary
and their denial that they saw or heard the car, the
jury were the judges whether they were not crossing
on the south line of 41st street.  The testimony of the
defendant's witnesses to the contrary does not, as a
matter of law, outweigh the testimony of Celia and
Amos McDonnell, and if we are judging of it as a
matter of fact indeed, we must take into account the
extreme difficulty in a moment of some excitement for
a motorman and passengers on a moving car to tell
within 25 feet of where the accident actually occurred.
The children were really more apt to observe and re-
member correctly and, if their interest did not warp
them, as likely to state correctly.

If the jury believed that the children (as they testi-
fied) were crossing on the south line of 41st street, and
did not see the car through the storm and darkness
until it was close upon them, they were at liberty to
draw inferences as to the speed of the car from that as
well as from the testimony that the car stopped oppo-
site to the north line of the street, on the quick appli-
cation of the brakes.  The witnesses for the defendant
concurred in statements that the car was going from
Root street north but about three or four miles an
hour, and that it stopped after the accident in "five
feet;" but in view of the self-evident difficulty of any
one determining with accuracy the exact speed of a
moving street car jogging along without the purpose
of coming to a stop, and of the exact length it moved
until it stopped after striking the girl, we do not
think the jury were debarred in judging the facts
from taking these statements in connection with the
testimony of the children, that although looking south
they did not see the car until it was right upon them,
and finding that the speed was too great for the motor-
man, under the circumstances of the storm, the dark-

ness, and the car which he had just seen leaving the south line of 41st street, to have allowed to his car at that point, and too great to give him the control of it necessary for a sudden stoppage at the critical moment.

Of course the motorman may not have been careless, and the children may have been reckless, but we think, as we have said, that both questions were for the jury, and that it is a case in which their decision and not ours should govern. We find no such demonstrable and clear contradiction in their verdict to the manifest preponderance of the evidence as would warrant us in disturbing it.

It is not necessary to discuss the ringing of the bell, for the verdict could find support on the grounds we have indicated, although the jury should have believed that the bell was suitably and continuously rung on approaching 41st street, as the witnesses for the defendant testified it was. The children merely swore they did not hear it, although the plaintiff says she was listening. It may be noted, however, that Nitz, who said that he saw the accident just as he was going to the door of the car, noticed "a *sudden* sounding" of the gong as he was getting up, and that the motorman was sounding the gong "as the little boy ran across," which might suggest that it was not until the motorman was close on the children that he rang his bell. This is not the testimony of the other witnesses for the defendant, however.

The appellant complains of instruction 34 on "a slight preponderance" of evidence being sufficient to establish the plaintiff's case. This instruction, however, has been too often approved by the Supreme Court to justify us in repeating even the mild criticism this Court formerly made of it.

What we have already said about the evidence on the facts makes it evident that we could not consistently with our views reverse the judgment for the refusal

to give refused instructions 2 and 6. So far as refused instruction 7 is concerned, the principle expressed, so far as it was applicable to this case, was fully covered and more aptly expressed by given instruction 31 as follows:

"The Court instructs the jury that if they believe from the evidence that the car in question was managed and operated in an ordinarily careful manner at the time and place in question under all the conditions shown by the evidence to exist, and that the plaintiff undertook to cross the street car track in front of said car at a time when said car was at a distance from the plaintiff within which the motorman of said car could not, by the exercise of reasonable and ordinary care, have stopped said car before reaching the plaintiff, then the plaintiff can not recover in this case and your verdict should find the defendant not guilty."

By finding as they did the jury disaffirmed their belief in the theory of the defendant set forth in this instruction.

The judgment of the Circuit Court is affirmed.

*Affirmed.*